UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

JAMES RICHARD LANE )
 )
v. ) NO. 2:05-CV-110
 )
SULLIVAN COUNTY JAIL, *et al.* )

## MEMORANDUM and ORDER

Seeking a transfer to another facility and a court-ordered meeting with the Sheriff of Sullivan County, Tennessee, for the purpose of discussing and bringing to public attention the alleged unconstitutional conditions that exist at the Sullivan County Jail, which purportedly stem from overcrowding , James Richard Lane, a prisoner therein, has filed a *pro se* civil rights case under 42 U.S.C. § 1983. He has also filed an application to proceed *in forma pauperis*. Under 28 U.S.C.§ 1915, a prisoner who files a complaint in a federal court must pay the civil filing fee of $250.00, but may satisfy his obligation by paying on an installment plan. *See* 28 U.S.C.§ 1915(b)(1).

Therefore, the custodian of inmate trust accounts at the facility wherein the plaintiff is housed shall submit twenty percent (20%) of the plaintiff's preceding month's income (or income credited to his account for the preceding month) to the Clerk, but only when the monthly income exceeds ten dollars ($10.00), until the balance of the filing fee of

$250.00 has been paid in full.[1]  28 U.S.C. § 1915(a) and (b)(1) and (b)(2).

The Clerk is **DIRECTED** to send copies of this order to the custodian of inmate trust accounts at the Sullivan County Jail to ensure compliance with the fee-assessment procedures outlined above.

In his complaint, the plaintiff makes the allegations which follow.  For the last six months and though it was designed to hold 365 prisoners, the Sullivan County jail has housed 575 to 630 inmates.  After he was beaten by fellow prisoners, he was placed in an 8 x 10 foot cell (the "hole) that held three other inmates, where he remained for 100 days.  There was no walking space in the hole because it had only two beds and because two inmates had to sleep on the floor. The plaintiff is now housed in a 12-man cell with 22 other inmates, ten of whom are sleeping on the floor.  He asked a nurse to give him something for a headache, but she replied that he must fill out a sick call form, at a cost of $4.00, or order it from the commissary and wait 3 or 4 days to get the order filled.  The quantity of food supplied to inmates is insufficient to meet the plaintiff's nutritional needs.  According to what he has been told by the officers, the conditions in the jail violate the fire code and the health code and, the plaintiff himself surmises, many other codes as well.

The Court infers that the plaintiff is contending that the jail conditions to which he is being exposed violate his right not to be subjected to cruel and unusual punishments,

---

[1] Send the payments to:
        Clerk, USDC
        220 West Depot Street, Suite 220
        Greeneville, TN 37743

2

Case 2:05-cv-00110   Document 4   Filed 05/18/05   Page 2 of 4   PageID #: 2

as secured by the Eighth Amendment.

A federal court which is presented with a prisoner's civil action first must determine whether the plaintiff has exhausted his administrative remedies by offering the correctional authorities an opportunity to address his complaints. *See* 42 U.S.C. § 1997e; *Brown v. Toombs*, 139 F.3d. 1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Satisfaction of this requirement entails filing a grievance concerning each claim stated in the complaint. *See Northington v. DeForest*, 215 F.3d. 1327 ((Table, text at 2000 WL 659260 *1 (6th Cir. May 11, 2000) (citing *Brown,* 139 F.3d at F.3d. 1102) and noting the lack of documentation showing prisoner had exhausted his administrative remedies as to "*each* of the claims raised in his complaint")).

Exhaustion is mandatory and applies to all inmate suits about prison life, including general prison conditions and single incidents that affect only particular prisoners. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). In order to satisfy the requirements of § 1997e(a), "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). A district court must enforce the exhaustion requirement *sua sponte*. *Brown, supra,* 139 F.3d at 1104.

The plaintiff asserts, in paragraph II of his complaint, that the Sullivan County Jail has a grievance procedure and that he has filed "4 or 5 forms," which "mostly got throwed (sic) away." He also asserts that he received no response to his grievances and, moreover,

3

that "nobody don't."

The plaintiff has advanced numerous claims concerning alleged overcrowding at the jail. He has not, however, attached copies of any of his grievances. Nor has he specifically described the nature of the grievances. *See Boyd v. Corr. Corp. of America*, 380 F.3d 989, 996 (6th Cir. 2004) (prisoner who alleges that he submitted a grievance form *which covered the claims asserted for § 1983 relief* and received no response satisfies the exhaustion requirement) (citing *Knuckles El*, 215 F.3d at 642) (emphasis added). Apart from his conclusory assertions, there is absolutely no evidence to show that the plaintiff has exhausted his administrative remedies by presenting the claims offered in his § 1983 complaint to the jail authorities. *See, e.g., Williams v. Johnson*, 20 Fed.Appx. 365, *367, 2001 WL 1136022, **1 (6th Cir. Sept. 20, 2001).

Accordingly, because the plaintiff has the burden of showing he has exhausted his administrative remedies with respect to the claims raised in his § 1983 complaint and because he has failed to carry his burden in this instance, this action will be **DISMISSED** without prejudice for failure to exhaust administrative remedies.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
